# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:05CR216-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DUSTIN PARKER, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a violation report filed in the above entitled cause on March 2, 2006 by the United States Probation Office. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Larmar Gudger, III, and that the Government was present through Assistant United States Attorney, Corey Ellis, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, denied the allegations contained in the violation report.

The defendant was charged, in a bill of indictment filed August 23, 2005, with transporting an American black bear in interstate commerce from the state of Georgia to the state of North Carolina, when in the exercise of due care the defendant knew or should have known that the wildlife had been taken in violation of the law. On October 5, 2005 a hearing was held in regard

to the detention of the defendant. On that date, the undersigned entered an order releasing the defendant on a $10,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

> (1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.
>
> (7)(m) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
>
> (7)(r) Report as soon as possible to the Office of Probation and Pretrial Services any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning or traffic stop.

On October 5th, the undersigned orally and in writing advised the defendants of the conditions and other conditions of release.

At the same time the defendant was placed on terms and conditions of supervised released, a drug analysis test was administered to the defendant. The defendant tested positive for the use of marijuana. The defendant admitted that he had used marijuana as late as Monday, October 3, 2005 before his court appearance on Wednesday, October 5th. On October 17, 2005 the defendant was again administered a test at his home by Eric G. Simpson, United States Probation Officer. This drug test had a negative result showing that the defendant had not used or consumed any type of controlled substances. On November 30, 2005 Officer Simpson traveled to the home of the defendant and again took a sample of urine for testing. The testing of this sample showed that the defendant had used marijuana. The defendant testified that he had not consumed marijuana after

October 3, 2005. In explanation for the positive test, the defendant contended that the test performed on November 30, 2005 was positive for marijuana consumed on or before October 3, 2005. The defendant testified that on the day that he had provided a urine sample on October 17th that he had consumed a large amount of water while he was at work and that he had not consumed a large amount of water when he submitted the sample on November 30th and that it was his opinion that the water consumed on October 17th had resulted in a negative test while the lack of consumption of water on November 30th had resulted in positive test result for the consumption of marijuana.

On January 9, 2005 the defendant was charged and arrested by N.C. Trooper Boring in Cherokee, North Carolina, with the crimes of driving while impaired, reckless driving, failure to wear a seatbelt, possessing an open container of alcohol while operating a vehicle and failure to notify the Department of Motor Vehicles of an address change. Thereafter the defendant met on two occasions, one in January and one in February of 2006, with Officer Simpson. On neither occasion did the defendant tell Officer Simpson about his contact with Trooper Boring of the North Carolina Highway Patrol that occurred at least on January 9, 2006 nor did he tell Officer Simpson about the issuance of the warrants for his arrest or his arrest for the above referenced offenses. On February 24, 2006, Probation Officer Mark Corbin told Officer Simpson of the arrest of the defendant. The defendant, in his testimony, stated that he had not reported his contact with Trooper Boring or his arrest to Officer Simpson because he had been told by the North Carolina Highway Patrolman who had arrested him, that being Trooper Boring, that Trooper Boring was going to contact the defendant's United States Probation Officer and as a result, the defendant was of the opinion that he did not have to tell his probation officer.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an

order of revocation and detention if, after a hearing, the judicial officer -----

>    (1)     finds that there is----
>            (A) probable cause to believe that the person has committed a
>    Federal, State, or local crime while on release; or
>            (B) clear and convincing evidence that the person has violated any
>     other condition of release; and
>    (2)     finds that ---
>            (A) based on the factors set forth in section 3142(g) of this title, there
>    is no condition or combination of conditions of release that will assure that the person will
>    not flee or pose a danger to the safety of any other person or the community; or
>            (B) the person is unlikely to abide by any condition or combination
>    of conditions of release.
>
>    If there is probable cause to believe that, while on release, the person committed a
>    Federal, State, or local felony, a rebuttable presumption arises that no condition
>    or combination of conditions will assure that the person will not pose a danger to
>    the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is probable cause to believe that the defendant committed a federal and state crime while on release. The defendant consumed marijuana during the period of time that he was on pretrial release and as a result had to possess the marijuana so that he could consume that substance. That possession violated both federal and state law. The possession of marijuana is a misdemeanor under federal law, 21 U.S.C. § 844 and is a misdemeanor under state law, N.C.G.S. § 90-95(a)(3). In making this finding, the undersigned has considered the testimony of the defendant. In considering the testimony of the defendant, the undersigned has found that the defendant's testimony lacks credibility. In considering the credibility of the witnesses, this court has applied the tests as set forth under North Carolina Pattern Jury Instruction 101.15:

> In determining whether to believe any witness, you should apply the same test of
> truthfulness which you apply in your everyday affairs. As applied to this trial, those
> tests may include: the opportunity of the witness to see, hear, know or remember the
> facts or occurrences about which he testified; the manner and appearance of the

witness; any interest, bias, or prejudice the witness may have; the apparent understanding and fairness of the witness; whether his testimony is reasonable; and whether his testimony is consistent with other believable evidence in the case.

The testimony of the defendant in this case is not reasonable and is inconsistent with other believable evidence in this case. An drug test was administered upon the defendant on October 17th, the results of which showed that the defendant had not been consuming any type of controlled substance. In a test given on November 30th, the results of the test showed that the defendant had been consuming marijuana. The explanation for this dichotomy by the defendant is neither reasonable nor consistent with other believable evidence.

There has further been shown by clear and convincing evidence that the defendant violated the condition of release that required the defendant to: "Refrain from use or unlawful possession of narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner." As referenced by the findings made herein, it has been shown by clear and convincing evidence that the defendant consumed marijuana during the period of time of his pretrial release. Marijuana is a controlled substance which is not prescribed by licensed medical practitioners.

The defendant further violated the condition that required him to: "Report as soon as possible, to the office of Probation and Pretrial Services, any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop." The defendant did not report the fact that he had been arrested on January 9, 2006 to Probation Officer Simpson. The condition is clear and requires the defendant to report this contact. The defendant contends that he has been excused from making the report because Trooper Boring of the North Carolina Highway Patrol told the defendant that the Trooper would tell his probation officer. The condition, as stated above, is clear. The defendant was required to make the report and he could not rely on others to do

so. The undersigned went over this condition orally with the defendant on October 5th and the defendant signed an acknowledgment that he was aware of the conditions of release on October 5, 2005. The acknowledgment that the defendant signed further stated, "I am aware of the penalties and sanctions set forth above."

Due to the findings made above the court finds that the defendant is a person who is unlikely to abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

IT IS THEREFORE **ORDERED** th**a**t the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending sentencing and further proceedings in this matter.

Signed: March 17, 2006

Dennis L. Howell
United States Magistrate Judge